IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| NEIL MACK FLEMING and MELANIE FLEMING, | ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 2:09cv00009 |
| v. | ) ) ) | **REPORT AND** **RECOMMENDATION** |
| DICKENSON COUNTY BUILDING DEPARTMENT, et al. Defendants. | ) ) ) ) | BY: PAMELA MEADE SARGENT UNITED STATES MAGISTRATE JUDGE |

The plaintiffs, Neil Mack Fleming and Melanie Fleming, brought this case against the defendants Dickenson County Building Department, ("Dickenson County"), Carl Turner, a Dickenson County building official, Appalachian Power Company, ("APCO"), and Lester Hill, an employee of APCO. The Flemings seek to recover under 42 U.S.C. § 1983, claiming that the defendants collectively conspired to cause their financial losses and damages by denying an occupancy permit based upon electrical safety concerns when the defendants represented to them that the proposed construction site had been approved.

This matter is currently before the court on two separate motions to dismiss the plaintiffs' Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). On March 24, 2009, a motion to dismiss, (Docket Item No. 6), ("APCO's Motion"), was filed on behalf of defendants APCO and Hill. The following day, on March 25, 2009, a motion to dismiss, (Docket Item No. 9), ("Dickenson County's Motion"), was filed on behalf of

-1-

defendants Dickenson County and Turner.  The Flemings filed responses to each of the motions on April 15, 2009, (Docket Item Nos. 15 and 16), and each of the defendants subsequently filed reply briefs, (Docket Item Nos. 17 and 18).  Thus, the motions are now ripe for decision.  Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1331.[1]  The motions are before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B).  As directed by order of referral, the undersigned now submits the following report and recommended disposition.

*I. Facts*

For the purposes of the court's consideration of the motions, the facts, as alleged in the Complaint, will be accepted as true.  According to the Flemings, on April 3, 2008, they purchased a 6.53-acre tract of land located in Dickenson County, Virginia. (Complaint at 2.)  Following the land transaction, the Flemings obtained a construction loan from New Peoples Bank, which was approved on April 18, 2008. (Complaint at 2.)  The Flemings allege that, after the loan approval, New Peoples Bank completed a title search on the property in question, but never provided a copy of the title opinion. (Complaint at 3.)  The Flemings then contacted Rocky Ratliff, a building contractor, for the purposes of constructing a dwelling on the newly purchased property. (Complaint at 3.)  The Flemings allege that, at the time of the purchase, a home was located on the subject property which had been there for a

---

[1] The court notes that, in their Complaint, the Flemings erroneously relied upon 28 U.S.C. § 1332, which sets forth the requirements for diversity jurisdiction, as a jurisdictional basis for this claim.  However, a review of the Complaint indicates that reliance upon 28 U.S.C. § 1331 was intended, as the Flemings alleged a federal cause of action pursuant to 42 U.S.C. § 1983.  Moreover, in the plaintiffs' response to Dickenson County's Motion, the plaintiffs acknowledged that they mistakenly referenced 28 U.S.C. § 1332 in their Complaint.

-2-

number of years. (Complaint at 3.)

On April 25, 2008, the Flemings obtained a building permit from Dickenson County that required construction to commence within six months of the issuance of the permit. (Complaint at 3.) In their Complaint, the Flemings further allege that the building permit referenced the fact that electricity would not be turned on in the new home until it had been inspected by the county building inspector. (Complaint at 3.) On March 31, 2008, the Flemings obtained an electrical permit. (Complaint at 3.) The Flemings contend that Carl Turner, a Dickenson County building official, visited the location where they planned to construct the new residence and informed them that he had contacted Lester Hill, an APCO employee, and that he and Hill approved the location where the residence was to be built. (Complaint at 3.)

As such, the Flemings claim that, after the building permit and electrical permit had been issued, and upon reliance from the defendants and their representatives that the site of the new residence had been approved, they removed and demolished the existing home that was located on the property and commenced construction of their new residence. (Complaint at 4.) The Flemings allege that each of the defendants knew, or should have known, of the proposed location of the new home. (Complaint at 4.) The Flemings further allege that they relied upon the representations of the defendants, who each were aware and had full knowledge of the fact that the Flemings were constructing a residence in the exact location where the previous home once stood. (Complaint at 4.)

The Flemings state that, after completion of the exterior portion of the

residence, which included the foundation, siding and roof, as well as some completed portions of the interior of the residence, APCO forwarded an agreement requiring the granting of a right-of-way and easement, which called for the Flemings to remove part of the roof of the residence. (Complaint at 4.) The Flemings refused to accept the proposal and also refused to execute the right-of-way and easement. (Complaint at 4.) The Flemings assert that they relied upon representations made by Turner, the building official who indicated that APCO had approved the location of the residence, as well as representations made by APCO and Dickenson County. (Complaint at 4-5.)

As a result of these representations, the Flemings filed suit in the Circuit Court of Dickenson County. (Complaint at 5.) In addition, APCO has also filed suits, which are currently pending in the Circuit Court of Dickenson County. (Complaint at 5.) The Flemings indicate that APCO obtained an easement across the property where they constructed their new residence. (Complaint at 5.) The easement allegedly states that APCO would rearrange and maintain its power lines on the premises in strict conformity with the provisions of the National Electrical Safety Code. (Complaint at 5.)

Upon completion of construction, the Flemings requested a final inspection by Dickenson County in order to obtain a certificate of occupancy. (Complaint at 5.) On December 4, 2008, Turner delivered a letter to the Flemings that stated the installation of permanent power and occupancy of the home would create a danger to their safety, noting that the home violated Virginia Code § 55-46.2. (Complaint at 5.) The Flemings claim that New Peoples Bank now refuses to continue the temporary construction loan. (Complaint at 5-6.) The Flemings are now unable to occupy their

new residence because an occupancy permit has not been issued. (Complaint at 6.) Thus, the Flemings brought suit in this court, arguing that the defendants conspired to cause them financial damages and losses, which constituted tortious interference with the utilization of the new residence and interference with permanent financing for the residence. (Complaint at 6.)

## *II. Analysis*

A motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. In considering such a motion, the court should accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff. *See e.g., De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

For quite some time, this court has cited *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), for the proposition that in order to grant a motion to dismiss, it must appear certain that the plaintiff cannot prove any set of facts in support of their claim entitling them to relief. *See also Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the Supreme Court recently revisited the proper standard of review for a motion to dismiss and stated that the "no set of facts" language from *Conley* has "earned its retirement" and "is best forgotten" because it is an "incomplete, negative gloss on an accepted pleading standard." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

-5-

In *Twombly*, the Supreme Court stated that "a plaintiff's obligation to provide the 'grounds' of [their] 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, the Court established a "plausibility standard" in which the pleadings must allege enough to make it clear that relief is not merely conceivable but plausible. *See Twombly*, 550 U.S. at 555-63.

In APCO's Motion, APCO argues, among other things, that the plaintiffs failed to state a claim because they did not allege any basis under which APCO or Hill were state actors who violated the plaintiffs' constitutional rights. (APCO's Motion at 2.) Similarly, in Dickenson County's Motion, in addition to the other arguments asserted, Dickenson County contends that the plaintiffs did not allege any violation of the Constitution or any other federal law. (Dickenson County's Motion at 1.)

To state a claim under § 1983, one must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also* 42 U.S.C.A. § 1983 (West 2003). The Supreme Court of the United States has stated that, in any § 1983 suit, the first inquiry is the determination of whether the plaintiff has been "deprived of a right 'secured by the Constitution and laws.'" *Baker v. McCollan*, 443 U.S. 137, 140 (1979) (quoting 42 U.S.C. § 1983); *see also Hutchinson v. Miller*, 797 F.2d 1279, 1282 (4th Cir.

1986). Moreover, § 1983 should be broadly construed, as the statutory language speaks of deprivations of *any* rights, privileges or immunities secured by the Constitution and governing laws. *See Dennis v. Higgins*, 498 U.S. 439, 443 (1991); *see generally Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 105 (1989).

In this case, the plaintiffs allege a cause of action pursuant to 42 U.S.C. § 1983, claiming that the named defendants "conspired to cause [their] financial damages and losses, and [that] such acts constitute[d] the tortuous [sic] interference with the utilization of the newly-constructed home [and] interfered with the permanent financing for [the] home . . . ." (Complaint at 6.) The plaintiffs further allege that, as a result, New Peoples Bank refused to continue their construction loan and that they are unable to occupy the new home without an occupancy permit, noting that the permit was denied by the defendants. (Complaint at 6.) The plaintiffs, however, have not alleged that they have been deprived of a right secured by the Constitution. Furthermore, even if the court were to assume that the plaintiffs were pursuing their § 1983 claim based on the denial of the full use and enjoyment of their property, not all deprivations of property interests are protected by the Constitution. *See Parratt v. Taylor*, 451 U.S. 527, 536-37 (1981); *see also Baker*, 443 U.S. at 145 (noting that the Fourteenth Amendment does not protect against all deprivations of life, liberty or property; instead it only protects against deprivations accomplished without due process of law). However, in the case at hand, the Complaint is completely devoid of any mention of a property interest protected by the Constitution, any allegation of a deprivation of such interest or any allegation of the denial of due process. (Complaint at 6.)

In addition, the plaintiffs' allegations of conspiracy also are insufficient. In order to successfully pursue a civil conspiracy claim under § 1983, a plaintiff must show that there was a deprivation of a constitutional right, which, as explained above, the plaintiffs have failed to do. *See generally Hinkle v. City of Clarksburg, W. Va.*, 81 F.3d 416, 421 (4th Cir. 1996) (citing *Hafner v. Brown*, 983 F.2d 570, 577 (4th Cir. 1992)).

For the reasons stated above, the undersigned is of the opinion that the plaintiffs have failed to properly allege a deprivation of a constitutionally protected interest.[2] Accordingly, based upon the content of the Complaint, the defendants' motions to dismiss should be granted because the Complaint fails to state a § 1983 claim.

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. In order to state a proper claim under § 1983, one must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law;

2. Here, the plaintiffs have failed to allege any deprivation of a

---

[2] Because the undersigned finds that the plaintiffs have failed to state a claim upon which relief can be granted due to their failure to allege a deprivation of a constitutionally protected interest/right, the defendants' additional grounds for dismissal will not be addressed.

-8-

constitutionally protected right; and

3. Thus, the plaintiffs' Complaint fails to state a 42 U.S.C. § 1983 claim upon which relief may be granted.

## RECOMMENDED DISPOSITION

Based upon the above-stated reasons, I recommend that the court grant the defendants' motions to dismiss, (Docket Item Nos. 6 & 9), without prejudice.

## **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C);

> Within ten days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the Honorable Glen M. Williams, Senior United States District Judge.

The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel and unrepresented parties of record.

ENTER: May 18, 2009.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE